IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

KENNETH M. BAEZ-ALERS,

Defendant.

CRIMINAL NO. 13-871 (DRD)

**REPORT AND RECOMMENDATION**

Defendant Kenneth M. Baez-Alers was charged in an Information and he agreed to plea guilty to both Counts of the Information. Count One charges that on or about May 14, 2012, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, was in charge of a facility from which a hazardous substance, Asbestos, a hazardous air pollutant, was released in a quantity equal to or greater than one pound, a reportable quantity, did knowingly and willfully fail to report the release of said hazardous substance to the National Response Center, the appropriate agency of the United States government, all in violation of 42, U.S.C. § 9603(b)(3) and 42 U.S.C. § 7412(b).

Count Two charges that, on or about May 14, 2012, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, did knowingly remove and cause the removal of regulated Asbestos containing material, and fail to properly label and cause the failure to properly label Asbestos containing material, all in violation of Title 42, United States Code, §§ 7412, 7413 (c)(1); 40 CFR §61.145 (c)(4)(iii) and 18 U.S.C. § 2 (b).

On December 6, 2013, defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to all counts of the Information, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charge contained in above-stated all counts of the Information, he was examined and verified as being correct that he had consulted with his counsel José Gaztambide, prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

Information and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Gaztambide, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely

request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the documents entitled "Plea Agreement (Pursuant to Fed. R. Crim. P. Rule 11(c)(1)(A) & (B))" and "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Defendant expressed his understanding of the penalties prescribed by statute for the counts charged in the Information and to which he was pleading guilty. The maximum penalty for the offense charged in Count One is a term of imprisonment of not more than three (3) years, a fine not greater than two hundred and fifty thousand ($250,000.00) dollars, and a term of supervised release of at least five (5) years. However, under 18 U.S.C. § 3571 (d), the defendant is subject to twice the loss to any victims or gain realized by the defendant as a result of his criminal conduct.

As to Count Two, the maximum penalty for the offense is a term of imprisonment of not more than three (3) years, a fine not greater than two hundred and fifty thousand ($250,000.00) dollars, and a term of supervised release of at least three (3) years.

[2] Defendant acknowledged discussing the content of the "Plea Agreement Supplement" with his counsel and understanding the consequences of the same. Defense counsel indicated he explained the content of the supplement and its consequences to defendant.

Pursuant to 18 U.S.C. § 3571 (d), the defendant is subject to twice the loss to any victims or gain realized by the defendant as a result of his criminal conduct.

Defendant shall pay a special monetary assessment of one hundred dollars ($100.00), per count, as required by Title 18, United States Code, Section 3013(a), for a total of two hundred dollars ($200.00).

The above-captioned parties' estimate and agreement appear on pages four and five, paragraph eight of the Agreement, regarding the sentencing guideline calculations were further elaborated and explained. Counts One and Two are grouped pursuant to U.S.S.G. § 3d1.2(D). The Base Offense Level is of Eight (8) pursuant to U.S.S.G. §2Q1.2. Pursuant to U.S.S.G. § 2Q1.2(b)(1)(A), an increase of six (6) levels is agreed for the offense resulted in an on-going or repetitive release to the environment. Pursuant to U.S.S.G. 2Q1.2(b)(3), an increase of four (4) levels is agreed for the offense resulted in clean-up requiring substantial expenditure. Pursuant to U.S.S.G. § 3B1.3(b), an increase of two (2) levels is agreed for use of a special skill. Pursuant to U.S.S.G. § 3E1.1.(b), a decrease of three (3) levels is warranted for acceptance of responsibility. Accordingly, the Total Base Offense Level is of seventeen (17), yielding an imprisonment range of twenty-four (24) to thirty (30) months assuming a Criminal History Category I.

The United States agrees to recommend a sentence at the low end of the advisory sentencing range for individuals with a Total Offense Level of +17 and a Criminal History Category of I.

Pursuant to paragraph eleven (11), the government and the defendant agree and stipulate that based on the information presently available to both parties the defendant's Criminal History Category is I. If the defendant's Criminal History Category is otherwise, as determined in a Pre-Sentence Investigation, the defendant will not be permitted to withdraw from the Plea Agreement.

The United States and the defendant agree that no further adjustment or departures to the defendant's adjusted offense level shall be sought by the parties, except as provided in the Plea Agreement.

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Pursuant to paragraph fifteen (15), the Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico, the United States Department of Justice Environmental Crimes Section and the defendant; it does not bind any other federal district, state or local authorities.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph seventeen (17) which was read to defendant in

open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Pursuant to paragraph seventeen (17), defendant acknowledges in particular that under certain circumstances he is entitled to appeal his conviction and sentence. It is specifically agreed that neither the government nor the defendant will appeal or collaterally attack in any proceeding (including but not limited to a motion under 28 U.S.C. § 2255) the conviction or sentence imposed by the Court on the defendant, even if the Court calculates the sentence or sentencing range by a Guideline analysis different from that specified in this plea agreement or anticipated by either party. The defendant, expressly acknowledges that he is waiving his right with respect to future challenges to its conviction or sentence knowingly and intelligently.

Defendant was read the charges as summarized in the Plea Agreement in open court and he indicated he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Two of the Information was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One and Two of the Information in Criminal No. 13-871 (DRD).

United States v. Kenneth M. Baez-Alers
Criminal No. 13-871 (DRD)
Report and Recommendation
Page No. 9

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Two of the Information in Criminal No. 13-871 (DRD).

IT IS SO RECOMMENDED.

The sentencing hearing will be scheduled by Hon. Daniel R. Domínguez, District Judge.

San Juan, Puerto Rico, this 6th day of December of 2013.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE